UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROADZEN, INC.,
Plaintiff,

-v-

METEORA CAPITAL PARTNERS L.P. *et al.*,
Defendants.

25-CV-7867 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Roadzen, Inc. ("New Roadzen") commenced this action on September 23, 2025 against Meteora Capital Partners, L.P., Meteora Select Trading Opportunities Master, L.P., Meteora Strategic Capital, LLC, Meteora Capital, LLC, and individuals Vikas Mittal, Joseph Levy, Kevin S. Gahwyler, and Henry Rogano (collectively, "Defendants"), alleging fraud, fraudulent inducement, misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, racketeering, unjust enrichment, and various violations of federal securities law, 15 U.S.C. §§ 77, 78; 17 U.S.C. §§ 240.10b-5, 240.10(b). (*See generally* ECF No. 9 ("FAC").)

On July 9, 2026, the Court granted Defendants' motion to dismiss New Roadzen's FAC, but granted limited "leave to amend as to New Roadzen's breach-of-contract claim related to Defendants' alleged failure to timely advance funds." (ECF No. 41 at 21.) The other claims raised in New Roadzen's FAC were dismissed with prejudice. (*Id.*) The Court directed New Roadzen to "file a letter within 14 days of the publication of this opinion indicating whether it intends to amend the complaint with respect to" New Roadzen's contract claim, and "[i]f New Roadzen elects to amend, a second amended complaint shall be filed within 21 days of the

publication of this opinion." (*Id.* at 21-22.) The Court made clear that "[i]f New Roadzen elects not to amend, *the Court will enter judgment of dismissal*." (*Id.* at 22 (emphasis added).)

Before the Court is Roadzen's letter-motion requesting "a conference . . . to determine whether the case should be transferred to Delaware now and motions to re-argue and amend should be made before the Chancery Court, or whether the motion should be made before this Court, and then transferred depending upon the court decision." (ECF No. 42 at 2.) Defendants oppose, arguing that "the Court should take no action in relation to the letter and enter judgment as previously contemplated." (ECF No. 43 at 1.) For the reasons that follow, the Court declines to hold a conference and enters judgment of dismissal.

First, in the Court's July 9, 2026 order, the Court directed New Roadzen to "file a letter within 14 days of the publication of this opinion indicating whether it intends to amend the complaint." (ECF No. 41 at 21.) New Roadzen's letter-motion was submitted on July 24, 2026 and is therefore untimely.

Second, in New Roadzen's untimely letter, New Roadzen made clear that it "has made the decision not to amend the complaint on the basis set forth in [the Court's] July 9, 2026 order." (ECF No. 42 at 1.) The Court's order was unambiguous: New Roadzen was granted limited leave to amend on narrow grounds, and if it elected not to do so, "the Court will enter judgment of dismissal." (ECF No. 41 at 22.) The Court now adheres to its clear instructions and enters judgment of dismissal.

Third, New Roadzen's allegedly newfound "possession of a copy of an email" does not sway the Court to delay dismissal. (ECF No. 42 at 1.) As Defendants correctly point out, New Roadzen already discussed this email at length in New Roadzen's opposition to Defendants'

motion to dismiss. (*See* ECF No. 34 at 25-26.) Contrary to New Roadzen's suggestion, this evidence is old hat to both New Roadzen and this Court and offers no reason to delay dismissal.

Fourth, to the extent that New Roadzen's "motion to reargue" was intended to refer to a motion for reconsideration of the Court's July 9, 2026 order, such a motion would also be tardy. *See* Local Civ. R. 6.3 ("[A] notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged.").

Fifth, the Court does not have "statutory authority to transfer this case to a state court" because 28 U.S.C. § 1404(a) "vest[s] . . . a federal forum with the power to transfer a transitory cause of action to a more convenient federal court[,] . . . not . . . to state courts." *Liberty USA Corp. v. Buyer's Choice Ins. Agency LLC.*, 386 F. Supp. 2d 421, 426 (S.D.N.Y. 2005) (quoting *Pope v. Atlantic Coast Line R.R. Co.*, 345 U.S. 379, 384 (1953)). Accordingly, the Court lacks statutory authority to effectuate any transfer to the Delaware Chancery Court as New Roadzen requests. Moreover, even a request to transfer to a federal court in Delaware would be meritless because the Court has dismissed all of New Roadzen's claims; there is nothing left to transfer.[1]

For the foregoing reasons, New Roadzen's letter-motion requesting a conference is DENIED. Consistent with the Court's July 9, 2026 order, judgment of dismissal will be entered.

---

[1] Relatedly, both New Roadzen's "notice of voluntary dismissal," purporting to withdraw its federal claims and "reserve[] all its rights" as to its remaining state-law claims (ECF No. 44), and New Roadzen's motion to "remand" its state-law claims to Delaware Chancery Court (ECF No. 45), are invalid and meritless because all of New Roadzen's claims have been dismissed. Accordingly, the motion to remand is denied.

The Clerk of Court is directed to enter judgment of dismissal as to all of Plaintiff's claims, terminate the motion at ECF No. 45, and mark this case as closed.

SO ORDERED.

Dated: August 4, 2026
New York, New York

J. PAUL OETKEN
United States District Judge